**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
             jsmith@bursor.com
             ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA LABAJO and MARY YOON, on behalf of themselves and all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC. and VALEANT PHARMACEUTICALS NORTH AMERICA, LLC, | |
| Defendants. | |

1  Plaintiffs Christina Labajo and Mary Yoon ("Plaintiffs") bring this action on
2  behalf of themselves and all others similarly situated against Valeant Pharmaceuticals
3  International, Inc. and its subsidiary Valeant Pharmaceuticals North America, LLC
4  (collectively, "Valiant" or "Defendants").  Plaintiffs make the following allegations
5  based upon information and belief, except as to the allegations specifically pertaining
6  to themselves, which are based on personal knowledge.

## INTRODUCTION

7  1.  Defendants manufacture, distribute, advertise and sell CeraVe brand skin
8  care products, including a sunscreen product marketed for use on babies called
9  "CeraVe Baby Sunscreen."  According to Defendants' marketing representations,
10  CeraVe Baby Sunscreen is specially formulated to "help protect and maintain baby's
11  delicate skin without harsh ingredients."

12  2.  The front packaging of every CeraVe Baby Sunscreen product states in
13  bold lettering that it is made with "**naturally sourced sunscreen ingredients**."
14  Nobody would expect that Defendants would advertise a natural sunscreen made
15  especially for babies that, in fact, contains a long list of synthetic and potentially
16  harmful ingredients.  But that is exactly what Defendants are doing.

17  3.  Three of the ingredients in CeraVe Baby Sunscreen are phenoxyethanol,
18  ethylhexylglycerin, and butyloctyl salicylate.  In April 2016, the Federal Trade
19  Commission ("FTC") filed complaints against three cosmetics manufacturers for
20  representing that their products were "natural" when they contained one or more of
21  those same three ingredients.  All three companies agreed to cease marketing the
22  products in question as being "natural."[1]

---

[1] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care.

4.    It gets worse.  The Food and Drug Administration ("FDA") has warned that phenoxyethanol "can depress the central nervous system and may cause vomiting and diarrhea, which can lead to dehydration in infants."[2]

5.    Ethylhexylglycerin is an eye irritant and may cause dermatitis when used on people with sensitive skin.

6.    CeraVe Baby Sunscreen also contains PEG-100 stearate, which is a polymer of ethylene oxide.  Ethylene oxide first achieved industrial importance in World War I as a precursor to the chemical weapon mustard gas.  PEG-100 Stearate can contain traces of ethylene oxide and other carcinogenic impurities.

7.    CeraVe Baby Sunscreen contains a long list of other synthetic ingredients, including: C12-15 Alkyl Benzoate, Glyceryl Stearate, Isohexadecane, Isostearic acid, Polyhydroxystearic acid, Triethoxycaprylylsilane, and Trimethylsiloxysilicate.

8.    Plaintiffs and members of the classes described below paid a premium for CeraVe Baby Sunscreen over comparable sunscreen products that did not purport to be naturally sourced.  Contrary to representations on the product labeling, instead of receiving a naturally sourced product, consumers receive products that contained unnatural synthetic ingredients.

9.    Defendants' false representation that CeraVe Baby Sunscreen is made from "naturally sourced sunscreen ingredients" is unfair, unlawful, and fraudulent conduct, and is likely to deceive members of the public.  As such, Defendants' practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof.

---

[2] http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/2008/ucm116900.htm.

Code § 17500 *et seq.* ("FAL") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. Cons. Stat. §§ 201-2 et seq. ("UTPCPL"). Plaintiffs also bring claims for fraud, unjust enrichment and breach of express warranty.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendants.  Defendants purposefully avail themselves of the California consumer market and distribute CeraVe Baby Sunscreen to hundreds of locations within this County and thousands of retail locations throughout California, where the products are purchased by thousands of consumers every day.

11.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

12.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of CeraVe Baby Sunscreen, occurred within this District.

## PARTIES

13.     Plaintiff Christina Labajo is a citizen of California, residing in Ontario. In the summer of 2016, Ms. Labajo purchased CeraVe Baby Sunscreen from a Wal-Mart store located in Upland, California.  Prior to purchasing CeraVe Baby

Sunscreen, Ms. Labajo saw and read the front of the product packaging, and relied on the representation and warranty that the product was made from "naturally sourced sunscreen ingredients." Ms. Labajo understood that representation to mean that CeraVe Baby Sunscreen did not contain synthetic chemicals. Ms. Labajo purchased CeraVe Baby Sunscreen at a substantial price premium, and would not have bought the product if she had known that the labeling she relied on was false, misleading, deceptive and unfair.

14.    Plaintiff Mary Yoon is a citizen of California, residing in Corona. In the last approximately 2 ½ years, Ms. Yoon made several purchases of CeraVe Baby Sunscreen from various stores in and near Washington, Pennsylvania (where she previously resided) and in Corona, California (where she currently resides). Prior to purchasing CeraVe Baby Sunscreen, Ms. Yoon saw and read the front of the product packaging, and relied on the representation and warranty that the product was made from "naturally sourced sunscreen ingredients." Ms. Yoon understood that representation to mean that CeraVe Baby Sunscreen did not contain synthetic chemicals. Ms. Yoon purchased CeraVe Baby Sunscreen at a substantial price premium, and would not have bought the product if she had known that the labeling she relied on was false, misleading, deceptive and unfair.

15.    Defendant Valeant Pharmaceuticals International Inc. ("Valeant International") is a multi-billion dollar pharmaceutical company registered under the laws of the Province of British Columbia with international headquarters in Laval, Quebec. Its U.S. headquarters are located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey.

16.    Defendant Valeant Pharmaceuticals North America, LLC ("Valeant USA"), is a Delaware Corporation that has its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey. Valeant USA is a subsidiary of Valeant International.

17.      Among other business ventures, Defendants produce, market and distribute consumer health products in retail stores across the United States.  Those products include CeraVe brand baby skin care products and CeraVe Baby Sunscreen. Defendants knew that the labeling of CeraVe Baby Sunscreen is false and misleading to a reasonable consumer, and that the product contains unnatural, synthetic ingredients that are inconsistent with the product labeling.

18.      Defendants have been criticized for engaging in "deeply immoral" business practices.[3]  In the last eighteen months alone, federal and state agencies have launched a barrage of civil and criminal investigations into Defendants' business practices, including investigations into accounting malfeasance and illegal payments to medical professionals.[4]  Defendants also were the subject of a Congressional hearing on their price gouging of critical, life-saving drugs—a business practice that Defendants continue to rely on to this day.[5]

## FACTS COMMON TO ALL CAUSES OF ACTION

19.      Consumers have become increasingly concerned about the effects of synthetics and chemical ingredients in cosmetic products.  As a result, consumers are

[3] Charlie Munger Isn't Done Bashing Valeant, Bloomberg News, Nov. 1, 2015, *available at* https://www.bloomberg.com/news/articles/2015-11-01/munger-isn-t-done-bashing-valeant-after-months-of-holding-nose.

[4] *See*, *e.g.*, Valeant Executives May Be Facing Criminal Prosecution, Fortune, Aug. 10, 2016 *available at* http://fortune.com/2016/08/10/valeant-criminal-investigation/; Valeant's Legal Woes Aren't New, But They Are Mounting, The Motley Fool, Aug. 11, 2016, *available at* http://www.fool.com/investing/2016/08/11/ valeants-legal-woes-arent-new-but-they-are-mountin.aspx (listing investigations against Valeant).

[5] Valeant Hiked Prices for a Dizzying Number of Drugs Last Week, Business Insider, Jan. 9, 2017, *available at* http://www.businessinsider.com/valeant-hikes-prices-in-january-2017-1; *see also* Valeant Chief, at Senate Hearing, Concedes Mistakes on Steep Drug Prices, New York Times, April 27, 2016, *available at* https://www.nytimes.com/2016/04/28/ business/valeant-pearson-ackman-hearing-congress-drug-prices.html?_r=0.

willing to pay, and have paid, a premium for products labeled "natural" over ordinary products that contain synthetic ingredients.

20.     The FTC has warned marketers that the use of the term "natural" may be deceptive:

> Marketers that are using terms such as natural must ensure that they can substantiate whatever claims they are conveying to reasonable consumers.  If reasonable consumers could interpret a natural claim as representing that a product contains no artificial ingredients, then the marketer must be able to substantiate that fact.[6]

21.     Likewise, the Food and Drug Administration ("FDA") warns that any "natural" labeling on cosmetic products (which includes sunscreen) must be "truthful and not misleading."[7]

22.     CeraVe is a brand of skin care products manufactured and marketed by Defendants and sold in drug and grocery stores nationwide.  On their website, Defendants tout their baby skin care products for their purported ability to protect "delicate skin without harsh ingredients," and the front label of every package of CeraVe Baby Sunscreen states that it is "hypoallergenic," "paraben & sulfate free," and "fragrance free."

23.     From the time that Defendants first launched CeraVe Baby Sunscreen, the front label of every package has also stated in bold lettering that the product is made from **"naturally sourced sunscreen ingredients"**:

//

//

---

[6] 75 Fed. Reg. 63552, 63586 (Oct. 15, 2010).

[7] FDA, Small Business & Homemade Cosmetics:  Fact Sheet, *available at* http://www.fda.gov/Cosmetics/ResourcesForYou/Industry/ucm388736.htm#7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19      24.    Based on the language that appears on the front of each product,

20  Plaintiffs reasonably believed that CeraVe Baby Sunscreen contained only natural

21  ingredients.

22      25.    The phrase "naturally-sourced sunscreen ingredients" is a representation

23  to a reasonable consumer that CeraVe Baby Sunscreen contains only natural

24  ingredients.  The phrase is misleading to a reasonable consumer because CeraVe

25  Baby Sunscreen actually contains numerous unnatural, synthetic ingredients.

26      26.    In direct contradiction of Defendants' misrepresentations, CeraVe Baby

27  Sunscreen contains the following ingredients:

28

a.  Phenoxyethanol:  a synthetic preservative;

b.  Ethylhexylglycerin:  a synthetic conditioning agent and preservative;

c.  Butyloctyl Salicylate:  a synthetic conditioning agent;

d.  PEG-100 Stearate:  a synthetic surfactant;

e.  C12-15 Alkyl Benzoate:  a synthetic conditioning agent;

f.  Glyceryl Stearate:  a synthetic surfactant and emulsifying agent;

g.  Isohexadecane:  a synthetic conditioning agent and emollient;

h.  Isostearic acid:  a synthetic binder and surfactant;

i.  Polyhydroxystearic acid:  a synthetic suspending agent;

j.  Triethoxycaprylylsilane:  a synthetic silicone-based binder;

k.  Trimethylsiloxysilicate:  a synthetic silicone-based polymer.

27.     Defendants knew that consumers will pay more for a product labeled "natural," and intended to deceive Plaintiffs and putative class members by labeling CeraVe Baby Sunscreen as a purportedly natural product.

## CLASS ALLEGATIONS

28.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased CeraVe Baby Sunscreen during the class period (the "Class"). Excluded from the Class are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased CeraVe Baby Sunscreen for resale, and the Judge(s) assigned to this case.

29.     Plaintiffs also seek to represent a Subclass of all persons in California who purchased CeraVe Baby Sunscreen during the class period (the "California Subclass").  Excluded from the California Subclass are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased CeraVe Baby Sunscreen for resale, and the Judge(s) assigned to this case.

30.     Plaintiff Ms. Yoon also seeks to represent a Subclass of all persons in Pennsylvania who purchased CeraVe Baby Sunscreen during the class period (the

"Pennsylvania Subclass").  Excluded from the Pennsylvania Subclass are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased CeraVe Baby Sunscreen for resale, and the Judge(s) assigned to this case.

31.     At this time, Plaintiffs do not know the exact number of members of the putative classes, but given the number of retail stores in the United States selling CeraVe Baby Sunscreen and the fact that CeraVe is one of the fastest-growing skin care brands in the United States, Plaintiffs believe that class members are so numerous that joinder of all members is impracticable.

32.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class members include, but are not limited to the following:

a.     whether Defendants misrepresented material facts concerning CeraVe Baby Sunscreen on the label of every product;

b.     whether Defendants' conduct was unfair and/or deceptive;

c.     whether Defendants have been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon them by Plaintiffs and the classes;

d.     whether Defendants breached express warranties to Plaintiffs and the classes;

e.     whether Plaintiff and the classes have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

33.     Plaintiffs' claims are typical of those of other class members because Plaintiffs, like all members of the classes, purchased CeraVe Baby Sunscreen

bearing the natural representations and Plaintiffs sustained damages from Defendants' wrongful conduct.

34.     Plaintiffs will fairly and adequately protect the interests of the classes and has retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the classes.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.     The prerequisites to maintaining a class action for equitable relief are met as Defendants have acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

37.     The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.  For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

## <u>COUNT I</u>

**Violation Of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.***

**(Injunctive Relief Only)**

38.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

39.     Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

40.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

41.     Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought CeraVe Baby Sunscreen for personal, family, or household purposes.

42.     Plaintiff, the other members of the California Subclass, and Defendants have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

43.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

44.     As alleged more fully above, Defendants have violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that CeraVe Baby Sunscreen is natural when it fact it contains unnatural and potentially harmful chemicals.

45.     As a result of engaging in such conduct, Defendants have violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

46.     On February 2, 2017, Plaintiffs mailed notice letters to both Defendants consistent with California Civil Code § 1782(a), and Defendants received those letters on February 7, 2015.  If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiffs will amend the complaint to include a request for damages as permitted under § 1782(d).

## COUNT II

### Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*

47.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

49.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

50.     Defendants violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

51.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

52.     Defendants violated the "fraudulent" prong of the UCL by misrepresenting that CeraVe Baby Sunscreen is made from natural ingredients when, in fact it is made with numerous synthetic ingredients.

53.     Plaintiffs and the California Subclass lost money or property as a result of Defendants' UCL violations because: because: (a) they would not have purchased CeraVe Baby Sunscreen on the same terms if they knew that CeraVe Baby Sunscreen was made with unnatural and synthetic ingredients (b) they paid a substantial price premium compared to other sunscreen products due to Defendants' misrepresentations; and (c) CeraVe Baby Sunscreen does not have the characteristics, uses, or benefits as promised.

## COUNT III

### Violation Of California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, et seq.

54.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

56.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

57.     Defendants committed acts of false advertising, as defined by §§17500, *et seq.,* by misrepresenting that CeraVe Baby Sunscreen is natural when it is not.

58.     Defendants knew or should have known through the exercise of reasonable care (i.e. pre-market testing) that their representations about CeraVe Baby Sunscreen were untrue and misleading.

59.     Defendants' actions in violation of §§ 17500, *et seq.* were false and misleading such that the general public is and was likely to be deceived.

60.     Plaintiffs and the California Subclass lost money or property as a result of Defendants' FAL violations because: (a) they would not have purchased CeraVe Baby Sunscreen on the same terms if they knew that CeraVe Baby Sunscreen was made with unnatural and synthetic ingredients (b) they paid a substantial price premium compared to other sunscreen products due to Defendants' misrepresentations; and (c) CeraVe Baby Sunscreen does not have the characteristics, uses, or benefits as promised.

//

//

//

## COUNT IV

### Violation of Pennsylvania's Unfair Trade Practices
### and Consumer Protection Law ("UTPCPL"),
### 73 PA. CONS. STAT. §§ 201-2, *et seq.*

61.     Plaintiffs and Class members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

62.     Plaintiff Yoon asserts this claim on behalf of herself and the Pennsylvania Subclass.

63.     Defendants are "persons" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

64.     The packaging, labeling and display possessed by the Plaintiff Yoon, and members of the Pennsylvania Subclass, constitute "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

65.     Each of the CeraVe Baby Sunscreen products that were ultimately possessed by Plaintiff Yoon, and members of the Pennsylvania Subclass, was purchased primarily for personal purposes.

66.     Defendants' advertising, offering for sale, sale or distribution of CeraVe Baby Sunscreen constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

67.     Defendants violated express warranties in the labeling and displaying of CeraVe Baby Sunscreen products that were ultimately possessed by Plaintiff Yoon and members of the Pennsylvania Subclass.

68.     Defendants actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts of practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

69.     The aforesaid actions of Defendants referenced above constitute unlawful actions proscribed by Section 201-3 of the UTPCPL.

70.     As a direct and proximate cause of the aforementioned unlawful actions of Defendants, Plaintiff Yoon and members of the Pennsylvania Subclass, have suffered economic loss.

71.     Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Yoon and members of the Pennsylvania Subclass, are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than One Hundred Dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

72.     In addition, Plaintiff Yoon is entitled to reimbursement for all reasonable attorney's fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

## COUNT V

### Breach of Express Warranty

73.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass and Pennsylvania Subclass against Defendants.

75.     Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that CeraVe Baby Sunscreen is natural.

76.     Defendants' express warranties, and its affirmations of fact and promises made to Plaintiffs and the Class regarding CeraVe Baby Sunscreen, became part of the basis of the bargain between Defendants and Plaintiffs and the Class, thereby creating an express warranty that CeraVe Baby Sunscreen would conform to those affirmations of fact, representations, promises, and descriptions.

77.     CeraVe Baby Sunscreen does not conform to the express warranty because it contains ingredients that are unnatural.

78.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiffs and Class members have been injured and harmed because:  (a) they would not have purchased CeraVe Baby Sunscreen on the same terms if they knew that the truth about the product's unnatural and potentially harmful ingredients" (b) they paid a substantial price premium based on Defendants' express warranties; and (c) CeraVe Baby Sunscreen does not have the characteristics, uses, or benefits as promised.

## COUNT VI

### Unjust Enrichment

79.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

80.     Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass and Pennsylvania Subclass against Defendants.

81.     Plaintiffs and class members conferred benefits on Defendants by purchasing CeraVe Baby Sunscreen.

82.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and class members' purchases of CeraVe Baby Sunscreen. Retention of those monies under these circumstances is unjust and inequitable because Defendants enticed Plaintiffs and putative class members to purchase CeraVe Baby Sunscreen through false and misleading packaging labels, and Defendants where unjustly enriched thereby.

83.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class members for their unjust enrichment, as ordered by the Court.

## <u>COUNT VII</u>

### Fraud

84.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

85.     Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass and Pennsylvania Subclass against Defendants.

86.     As discussed above, Defendants provided Plaintiffs and Class members with false or misleading material information about CeraVe Baby Sunscreen by representing that it was made from naturally sourced sunscreen ingredients. Defendants made that misrepresentation knowing it was false.

87.     Defendants' misrepresentations, upon which Plaintiffs and class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and class members to purchase CeraVe Baby Sunscreen.

88.     Defendants' fraudulent actions harmed Plaintiffs and class members, who are entitled to damages and other legal and equitable relief as a result.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class, California Subclass, and Pennsylvania Subclass as follows:

A.     For an order certifying the nationwide Class, California Subclass, and Pennsylvania Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiffs as Class and Subclass representatives; and naming Plaintiff's attorneys as Class Counsel representing the Class and Subclass members;

B.     For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

C.     For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D.     For injunctive relief enjoining the illegals acts detailed herein;

E.      For prejudgment interest on all amounts awarded;

F.      For an order of restitution and all other forms of equitable monetary relief;

G.      For an order awarding Plaintiffs their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 3, 2017                  Respectfully submitted,

                                      **BURSOR & FISHER, P.A.**

                                      By:_____*/s/ Joel D. Smith*_____
                                               Joel D. Smith

                                      L. Timothy Fisher (State Bar No. 191626)
                                      Joel D. Smith (State Bar No. 244902)
                                      Yeremey Krivoshey (State Bar No. 295032)
                                      1990 North California Blvd., Suite 940
                                      Walnut Creek, CA  94596
                                      Telephone: (925) 300-4455
                                      Facsimile: (925) 407-2700
                                      Email: ltfisher@bursor.com
                                              jsmith@bursor.com
                                              ykrivoshey@bursor.com

                                      **BURSOR & FISHER, P.A.**
                                      Scott A. Bursor (State Bar No. 276006)
                                      888 Seventh Avenue
                                      New York, NY  10019
                                      Telephone: (212) 989-9113
                                      Facsimile:  (212) 989-9163
                                      E-Mail: scott@bursor.com

                                      *Counsel for Plaintiffs*

## <u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>

I, Christina Labajo, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendants do business in this District and I purchased CeraVe Baby Sunscreen in this District.

3. Specifically, I purchased CeraVe Baby Sunscreen from a Walmart store located in Upland, California.  In purchasing CeraVe Baby Sunscreen, I relied on Defendants' representation that the product was made from naturally sourced sunscreen ingredients.  I understood that representation to mean that the CeraVe Baby Sunscreen did not contain unnatural, synthetic chemicals.  That representation was a substantial factor influencing my decision to purchase CeraVe Baby Sunscreen, and I would not have purchased CeraVe Baby Sunscreen had I known that the representation was false and misleading.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on February 27, 2017 at Upland, California.

Christina Labajo
Christina Labajo